# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF ALABAMA

In re                                         Case No. 08-81050-WRS
                                              Chapter 13
ANNIE J. MARCUS,

      Debtor

## MEMORANDUM DECISION

This Chapter 13 bankruptcy case is before the Court upon the Chapter 13 Trustee's Objection to Confirmation of Plan. (Doc. 18). The Court heard arguments on December 10, 2008. For the reasons set forth below, the Trustee's objection is OVERRULED and the Debtor's Plan is confirmed as filed.

## I. FACTS

The Debtor, Annie J. Marcus, filed a petition in bankruptcy pursuant to Chapter 13 of the Bankruptcy Code on August 12, 2008. (Doc. 1). At the same time, the Debtor filed her Chapter 13 Plan. (Doc. 13). The Plan calls for the Debtor to pay $222.00 biweekly, beginning on September 12, 2008. The Trustee objects, contending that the Plan fails to meet the "best interests of the creditors" test. 11 U.S.C. § 1325(a)(4).

The Debtor owns a home in Tuskegee, Alabama, which she values at $45,860. As the mortgage balance is $55,874, the Debtor has no equity in her residence. The Debtor also owns a one-eighth interest in contiguous real property which she inherited. The contiguous property is valued at $56,640 and subject to a mortgage with a balance due of $29,497. The equity in the

contiguous property is $27,143, and one-eighth of that amount is $3,392.87, which the Debtor contends is exempt, pursuant to 11 U.S.C. § 522 and Alabama Code Section 6-10-2.

The Debtor's Plan does not propose any payments to unsecured creditors. The Trustee contends that the Plan fails to comply with the provisions of 11 U.S.C. § 1325(a)(4),[1] arguing that the Debtor's claim of a homestead exemption in the contiguous property is improper. While this contested matter arises in the context of an objection to confirmation of a Chapter 13 Plan, this case turns on the question of whether the Debtor's claim of a homestead exemption in the contiguous, inherited property is proper.

The Debtor has proffered testimony, and the Trustee does not dispute, that the Debtor uses the contiguous property as part of her homestead. (Doc. 20). She uses the property for gardening, recreation and to park vehicles, all in conjunction with the occupancy and use of her own residence. She considers the inherited property hers, jointly owned with other heirs, and uses the property.

## II. LAW

This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(L). For this reason, this is a final order.

The Chapter 13 Trustee contends that the Debtor's Plan fails to comply with the

---

[1] Section 1325(a)(4) requires that "the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date."

requirements of 11 U.S.C. § 1325(a)(4), which provides that the Court may not confirm a Plan unless:

> The value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date.

The Trustee contends that the Debtor's Plan fails the "best interests" test because she has improperly claimed a homestead exemption in the contiguous property.[2] If that is so, it follows that the amount claimed as exempt, in this case $3,392.87, must be paid to the holders of unsecured claims. If the Trustee is correct, the payments under the Plan would have to be increased so as to result in such a payout of unsecured creditors. The question becomes, whether the Debtor's claim of exemption on the contiguous property is proper.

The pertinent homestead exemption is found at Ala. Code § 6-10-2, which provides, in part, as follows:

> The homestead of every resident of this state, with the improvements and appurtenances, not to exceed in value $5,000 and in area 160 acres, shall be, to the extent of any interest he or she may have there, whether a fee or less estate or whether held in common or in severalty, exempt from levy and sale under execution or other process for the collection of debts during his or her life.

---

[2] The "best interests" test requires a hypothetical liquidation of the debtor's property and a determination as to how much would be paid to unsecured creditors, if the case were one under Chapter 7. Thus, while the objection is to the confirmation of the Chapter 13 Plan, the underlying determination is whether the inherited property may be claimed as exempt. A Bankruptcy Court in Oregon discussed this unusual procedural setting in In re Walker, 153 B.R. 565, 569 n. 2 (Bankr. D. Ore. 1993); see also, In re Simmons, 308 B.R. 559 (Bankr. M.D. Ala. 2004)(Williams, J.).

Case 08-81050    Doc 23    Filed 02/04/09    Entered 02/04/09 12:34:50    Desc Main
Document      Page 3 of 6

In construing a homestead exemption claim under Alabama law one should consider the underlying policy, as articulated by the Alabama Supreme Court.

> Homestead laws are based upon a public policy which recognizes the value of securing to the householder a home for himself and family regardless of his financial condition. The preservation of the home is of paramount importance because there the family may be sheltered and preserved. Home ownership tends to inculcate a spirit of independence which is essential to the maintenance of free institutions. (citation omitted) The law looks with favor on the homestead, and homestead statutes are to be construed liberally in furtherance of the public policy they express.

First Alabama Bank of Dothan v. Renfro, 452 So.2d 464, 467 (Ala. 1984). Therefore, the Court is to construe the homestead exemption liberally in furtherance of public policy.

Under Alabama law, a claim of exemption is proper if the Debtor can show both ownership and occupancy. In re Simmons, 308 B.R. 559, 562 (Bankr. M.D. Ala. 2004)(citing Beard v. Johnson, 87 Ala. 729, 6 So. 383, 383-84 (1889); Frazier v. Espalla, 220 Ala. 446, 125 So. 611, 612 (1929); Blum v. Carter, 63 Ala. 235 (1879)). The first element is disputed by the Trustee as the Debtor does not own a full fee interest. This argument is without merit as the plain language of Ala. Code § 6-10-2, by its express provisions does not require such an interest. A claim of exemption is allowed "to the extent of any interest he or she may have there, whether a fee or less estate or whether held in common or in severalty." Ala. Code § 6-10-2. This Court has previously recognized the principal that a claim of exemption could properly be made in a

-4-

property interest which was less than a full fee interest. In a case handed down five years ago, this Court held that a debtor could claim a homestead exemption is prepaid rents. In re Rutland, 318 B.R. 588 (Bankr. M.D. Ala. 2004)(Williams, J.). The Court concludes that the ownership element is established.

The second element is "occupancy." The question here is whether the occupancy requirement is met when the homestead exemption is claimed on property which is adjacent to the Debtor's residence, but separately deeded. The Debtor cites the case of In re Hughes, 306 B.R. 683 (Bankr. M.D. Ala. 2004)(Williams, J.) in support of her claim. In Hughes, this Court upheld a claim of exemption where a debtor owned a mobile home which was located on leased land and claimed a homestead exemption in contiguous property in which the debtor owned a full fee interest. The debtor in Hughes used the property for parking and recreation. In allowing the claim of exemption, this Court held that "it is the use to which the land is put more than the presence of a dwelling house and actual physical residence thereon which controls." Id. at 686. The facts of the case at bar are analogous. While the debtor owned a full fee interest in the homestead property in Hughes and only an undivided one-eighth interest is owned here, the underlying requirements are met. The Court concludes that the second element, that of occupancy is met in this case because the two parcels of property together comprise the Debtor's homestead and are used accordingly.

### III.  CONCLUSION

The Debtor's claim of a homestead exemption in the contiguous property is appropriate as the requirements of "ownership" and "occupancy" are both met. The plain language in

-5-

Alabama Code § 6-10-2, the homestead exemption statute, contemplates claims of exemption in ownership interest of less than a full fee interest. The occupancy requirement is met in that the subject property is contiguous to the residence and the evidence offered established that it was used in conjunction with the residence. As both of the requirements are met, the claim of a homestead exemption is proper and the Trustee's objection is OVERRULED. The Court will enter a separate order in accordance with Bankruptcy Rule 9021.

Done this 4th day of February, 2009.

/s/ William R. Sawyer
United States Bankruptcy Judge

c: David S. Clark, Attorney for Debtor
  Curtis C. Reding, Trustee

Case 08-81050    Doc 23    Filed 02/04/09    Entered 02/04/09 12:34:50    Desc Main
Document    Page 6 of 6